UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FATEN ANWAR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>USPS,<br><br>　　　　　　　Defendant. | CASE NO. C22-1156JLR<br><br>ORDER |

### I.　INTRODUCTION

Before the court are (1) *pro se* Plaintiff Faten Anwar's motion to remand (Remand Mot. (Dkt. # 9); Remand Reply (Dkt. # 13)) and (2) Defendant United States Postal Service's ("USPS") motion to dismiss (MTD (Dkt. # 6) MTD Reply (Dkt. # 15)). USPS opposes Ms. Anwar's motion to remand (Remand Resp. (Dkt. # 14); USPS Supp. Br. (Dkt. # 18)), and Ms. Anwar opposes USPS's motion to dismiss (MTD Resp. (Dkt.

ORDER - 1

# 12); MTD Surreply (Dkt. # 16)[1]). USPS also filed supplemental briefing in response to the court's September 26, 2022 order. (*See* 9/26/22 Minute Order (Dkt. # 17); USPS Supp. Be. (Dkt. # 18).) The court has considered the motions, the parties' submissions regarding each motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES Ms. Anwar's motion to remand, GRANTS USPS's motion to dismiss, and DISMISSES Ms. Anwar's complaint without leave to amend and without prejudice.

## II.   BACKGROUND

On November 15, 2021, Ms. Anwar sent court documents and a filing fee for a court case in New York via certified priority mail through the USPS in Lynnwood, Washington. (*See* Compl. (Dkt. # 1-1) at 2; Remand Mot. at 3-4.[3]) Although the package itself was successfully delivered on November 17, 2021, Ms. Anwar never received a return receipt. (Compl. at 2; Remand Mot. at 4.) Ms. Anwar filed a missing mail trace request for the return receipt with USPS on January 7, 2022. (Compl. at 2; Remand Mot. at 4; *see also* Remand Mot., Ex. 1 (Dkt. # 9-1) at 21.) USPS informed Ms. Anwar via email on April 6, 2022 that it was unable to locate the missing return receipt.

---

[1] The court reminds Ms. Anwar to comply with Local Civil Rule 7(g) when filing a surreply. *See* Local Rules W.D. Wash. LCR 7.

[2] Neither party has requested oral argument (*see* MTD at 1; Remand Mot. at 1; Remand Resp. at 1; MTD Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] Ms. Anwar also cites several other incidents in which USPS allegedly failed to properly handle her certified mail. (*See* Remand Mot. at 4-6.) However, each of these incidents occurred after Ms. Anwar filed her complaint on April 26, 2022 and are therefore not properly before the court. Accordingly, the court does not assess those incidents.

(*See* Remand Mot., Ex. 1 at 18.) On April 11, 2022, Ms. Anwar filed a complaint with the USPS Office of Inspector General regarding the missing return receipt. (*See id.* at 19.) The USPS Office of Inspector General forwarded Ms. Anwar's complaint as a service request to the USPS Service Consumer and Industry Conduct Office. (*Id.*) On April 18, 2022, USPS responded to Ms. Anwar's service request and indicated that the mail associated with the tracking number she provided was delivered in November 2021. (*See id.* at 20.) It did not, however, address the missing return receipt. (*See id.*)

On April 26, 2022, Ms. Anwar filed a complaint against USPS in Snohomish County Small Claims Court ("Small Claims Court"), alleging that USPS did not deliver the return receipt to her certified priority mail and failed to locate it after she filed a missing mail trace request. (*See* Compl. at 2.) To compensate her for the harm she suffered, Ms. Anwar seeks $1,000 in damages. (*Id.*) Ms. Anwar hired a process server who served the Notice of Small Claim on a "Law Department Employee" at USPS's Washington, D.C. office on June 28, 2022. (*See* Remand Mot., Ex. 1 at 2-3.) According to Ms. Anwar, the parties participated in a mediation on July 19, 2022, hosted by the Small Claims Court, but failed to reach a resolution. (Remand Reply at 2.)

On August 17, 2022, USPS removed the case to federal court. (*See* Removal Notice (Dkt. # 1).) Thereafter, USPS filed a motion to dismiss Ms. Anwar's claim for lack of subject matter jurisdiction. (*See* MTD.) Ms. Anwar subsequently moved to remand the case to state court, arguing that USPS's motion was untimely. (*See* Remand Mot.)

ORDER - 3

## III. ANALYSIS

The court first evaluates Ms. Anwar's motion to remand the case to state court before turning to USPS's motion to dismiss.

**A.  Ms. Anwar's Motion to Remand**

Ms. Anwar moves to remand this action back to Snohomish County District Court, arguing removal was not timely because USPS did not remove the case within the statutory 30-day deadline after receiving service of process.  (Remand Mot. at 2 (citing 28 U.S.C. § 1446(b)(1)).)  USPS responds that remand is inappropriate because it is statutorily permitted to remove actions initiated against it in state court.  (*See* Remand Resp. at 4.)  USPS also argues that its removal was not untimely because Ms. Anwar failed to follow the service requirements set forth in Federal Rule of Civil Procedure 4(i), and therefore has yet to properly serve the agency at all; thus, the 30-day removal period has yet to begin.  (*See id*. at 2; USPS Supp. Br. at 1-2.)  The court sets forth the relevant legal standard for motions to remand before turning to Ms. Anwar's motion.

   1.  <u>Legal Standard for Motions to Remand</u>

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the state court action.  28 U.S.C. § 1441(a); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (citing 28 U.S.C. § 1441(a), (b)).  The Postal Reorganization Act ("PRA") governs the manner in which USPS may sue or be sued and provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a).  The PRA further provides that, "[a]ny action

brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of [28 U.S.C. § 1441 *et seq.*]" *Id.*; *see also Cont'l Cablevision of St. Paul, Inc. v. USPS*, 945 F.2d 1434, 1436-37 (8th Cir. 1991) (holding that § 409(a) creates for USPS "an independent ground for removal from a state court to a federal court . . . to give the Postal Service, an instrumentality of the United States, the protection of a federal forum").

Under 28 U.S.C. § 1441, "a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The 30-day period commences when a defendant is "brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that removal more 44 days after defendant received a faxed copy of the complaint was not untimely where only 30 days had elapsed since defendant was formally served).[4] The PRA provides that plaintiffs filing suit against USPS must follow the provisions of the Federal Rules of Civil Procedure "relating to service of process . . . in which the United States, its officers, or employees are parties." 39 U.S.C. § 409(b); *see also Lynch v. USPS*, No. 21-cv-01322-SK, 2021 WL 7448623, at *2 (N.D. Cal. April 5, 2021) (stating that

---

[4] Ms. Anwar argues on reply that USPS's citation to *Murphy Bros.* is misplaced because the Eleventh Circuit held that removal was untimely. (*See* Reply at 2-3 (citing *Murphy Bros.*, 524 U.S. at 347-48). However, Ms. Anwar does not account for the Supreme Court's reversal of the Eleventh Circuit's decision. (*See id.*)

ORDER - 5

1 "[f]ederal law governs service of process on the United States Postal Service" and recommending a motion to set aside default be granted where plaintiff failed to comply with Federal Rule of Civil Procedure 4(i) when he served USPS in state court). Rule 4(i) requires a party suing the United States to deliver a copy of the summons and complaint to the U.S. attorney for the district where the action is brought and send a copy of each by registered mail to the U.S. Attorney General. Fed. R. Civ. P. 4(i)(1). A party suing an agency or corporation of the United States, such as USPS, must also send a copy of the summons and complaint by registered or certified mail to the agency or corporation itself. Fed. R. Civ. P. 4(i)(2).

2. USPS's Removal was not Untimely

Ms. Anwar argues that USPS failed to meet the 30-day removal deadline when it filed its notice of removal on August 17, 2022, 51 days after USPS's employee accepted service of process. (*See* Remand Mot. at 1; Remand Reply at 2.) USPS responds that the 30-day period for removal has not yet begun because Ms. Anwar did not fully comply with Rule 4(i) when she served USPS with her Notice of Small Claim. (*See* Remand Resp. at 2 (citing *Murphy Bros.*, 526 U.S. at 347-48).) On reply, Ms. Anwar argues that she was not required to comply with the Federal Rules of Civil Procedure when she commenced her suit in state court. (Remand Reply at 2 (stating that the civil rules "apply to a civil action after it is removed from a state court" (citing Fed. R. Civ. P. 81(c))).)

The court agrees with USPS that Ms. Anwar has not yet properly served USPS and its notice of removal was therefore not untimely. *See Murphy Bros.*, 526 U.S. at 347-48. As a plaintiff suing USPS, Ms. Anwar was required to comply with the service

procedures set forth in Rule 4(i). *See* 39 U.S.C. § 409(b) (requiring compliance with the Federal Rules of Civil Procedure in suits against USPS); *see also* Wash. Superior Ct. Civ. R. 4 (lacking any procedure for serving the United States or its instrumentalities). Accordingly, the 30-day period for removal would have been triggered when Ms. Anwar fully complied with the service requirements set forth in Rule 4(i). *See Murphy Bros.*, 526 U.S. at 347-48; 39 U.S.C. § 409(b). Here, Ms. Anwar served her Notice of Small Claims on an employee at USPS headquarters on June 28, 2022 but did not serve the U.S. Attorney for the Western District of Washington or the U.S. Attorney General. *See* Fed. R. Civ. P. 4(i)(1); (Remand Mot., Ex. 1 at 2-3). Accordingly, although USPS removed this case to federal court more than 30 days after Ms. Anwar served its employee with her Notice of Small Claims, the deadline to remove had not yet passed because USPS was not properly served per Rule 4(i). Therefore, the court finds no basis to remand this case to state court and DENIES Ms. Anwar's motion to remand.[5]

**B.     USPS's Motion to Dismiss**

USPS moves to dismiss Ms. Anwar's lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction for the following two reasons: (1) Ms. Anwar's claim is expressly exempted from the Federal Tort Claims Act ("FCTA"), and (2) Ms. Anwar failed to exhaust her administrative remedies. (*See* MTD

---

[5] Ms. Anwar also argues in her remand motion that the harm she has suffered is due to "malice" on the part of USPS, and therefore her claim is not exempt from the Federal Tort Claims Act. (*See* Remand Mot. at 8-11.) The court, construing Ms. Anwar's arguments liberally, interprets this argument as a response to USPS's motion to dismiss and addresses it in the next section, accordingly.

ORDER - 7

at 1.) Ms. Anwar argues that USPS mischaracterizes her claim, as she is not bringing a claim under the FCTA, and that her claim is thus not subject to dismissal. (*See* Resp. at 7-8.) The court summarizes the legal standard for motions to dismiss under Rule 12(b)(1) before addressing each of USPS's arguments and Ms. Anwar's responses thereto.

### 1. Legal Standard for a Rule 12(b)(1) Motion to Dismiss

Subject matter jurisdiction is a threshold issue that goes to the court's power to hear a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, the challenger must persuade the court that the allegations of the complaint are insufficient on their face to invoke the jurisdiction of the court. *See id.* However, "[t]he party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### 2. The Court's Jurisdiction over Suits Against USPS is Limited

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). Any waiver of immunity is strictly construed in favor of the United States. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992). The PRA, which waives USPS's sovereign immunity on a limited basis, provides that the FTCA "shall

apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); *see also Janakes v. USPS*, 768 F.2d 1091, 1093 (9th Cir. 1985) (stating that § 409(a) "does not confer subject matter jurisdiction for actions in which the Service is a party, but requires a 'substantive legal framework' of federal law to confer federal subject matter jurisdiction"). The FTCA is a limited waiver of sovereign immunity that permits legal claims against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

      *a. Ms. Anwar Failed to Exhaust Administrative Remedies*

  Where a cause of action requires a party to first exhaust an administrative remedy before filing suit, "the requirement of an administrative claim is jurisdictional," and therefore "must be strictly adhered to." *Brady v. United States*, 211 F.3 499, 502 (9th Cir. 2000). The FTCA and the PRA impose such a prerequisite to initiating a lawsuit against USPS, requiring that they first file a claim with the Postal Regulatory Commission ("PRC"). *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."); 39 U.S.C. § 3662(a) (requiring a party who believes USPS is not operating in conformity with federal law to file a complaint with the PRC). Therefore, this court only has subject matter jurisdiction over FTCA claims against USPS in which the plaintiff has exhausted the administrative remedies before the PRC.

Here, Ms. Anwar did not comply with the FTCA's exhaustion requirement before filing her Notice of Small Claim against USPS. Ms. Anwar filed a complaint with the USPS Office of Inspector General (*see* Remand Mot., Ex. 1 at 18-19), which was transferred to the USPS Service Consumer and Industry Conduct Office, but she did not file a complaint with the PRC as the statute requires, *see* 39 U.S.C. § 3662(a).[6] Without evidence that Ms. Anwar exhausted her remedies, this court lacks subject matter jurisdiction over her claim and must therefore dismiss it. *Brady*, 211 F.3d at 502.

        *b. Ms. Anwar's Claim is Expressly Exempt by the FTCA*

Even if Ms. Anwar had exhausted her administrative remedies before filing suit, this court would still lack subject matter jurisdiction over her claim because it is expressly exempt by the FTCA.

The FTCA expressly exempts certain types of claims from its scope. *See* 28 U.S.C. § 2680; *Molzof v. United States*, 502 U.S. 301, 311 (1992) ("Through the § 2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations."). The postal service exception provides that the FTCA's waiver of sovereign immunity does not extend to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Such claims are barred by sovereign immunity. *Anderson v. USPS*, 761 F.2d 527, 528 (9th Cir. 1985) (applying 28 U.S.C. § 2680(b) to hold that the

---

[6] USPS presents a letter it sent to Ms. Anwar on June 13, 2022, alerting her to the necessity of filing an administrative claim before filing suit and directing her to the statutes and regulations governing the complaint process. (*See* Vogel Decl. (Dkt. # 19) ¶ 2, Ex. A at 2-3.)

petitioner's "tort claim against the Postal Service for loss of his package . . . was barred by sovereign immunity").

Here, Ms. Anwar's lawsuit seeks damages related to USPS's failure to deliver (or negligent transmission of) her signed return receipt (or "postal matter"). (*See* Compl. (describing USPS's failure to provide her with a signed return receipt).) Ms. Anwar's claim is therefore barred by sovereign immunity and must be dismissed. *See Rogers v. Gross*, No. 5:13-cv-488-BO, 2013 WL 5755537, at *2 (E.D. N.C. Oct. 23, 2013) (determining that plaintiff's claim that USPS failed to provide return receipt was barred by 28 U.S.C. § 2680(b)).

Ms. Anwar argues that her claim does not fall within the postal service exception to the FTCA because the conduct she complains of is "impossible to classify as negligence," and is instead an "egregious violation[] of [her] right to be able to utilize the USPS certified mail as a proof of service." (*See* MTD Resp. at 8; *see also* Remand Mot. at 8 (accusing USPS of "malice").) Construed liberally, Ms. Anwar's claim could be interpreted to accuse USPS of either (1) intentionally—rather than negligently— depriving her of its services, or (2) breaching an implied contract to deliver the return receipt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) ("[W]e construe *pro se* pleadings liberally.").

However, Ms. Anwar cannot establish subject matter jurisdiction under either alternative construction. First, federal courts lack jurisdiction over claims of intentional tampering with postal services under the FTCA's postal services exception. *See, e.g., Dolan v. USPS*, 546 U.S. 481, 489 (2006) (holding that § 2680(b) bars *any* claim for

"injuries arising, directly or consequentially" from USPS's failure to deliver mail, including "harms arising from the nondelivery or late delivery of sensitive materials"); *Levasseur v. USPS*, 543 F.3d 23, 24 (1st Cir. 2008) (citing *Dolan* for the conclusion that § 2680(b) bars claims of intentional misconduct against USPS). Second, if Ms. Anwar's claim against USPS were for breach of contract, the court would still lack subject matter jurisdiction because she failed to exhaust administrative remedies. *Marco v. USPS*, No. C 98-0876 SI, 1998 WL 296367, at *2 (N.D. Cal. June 1, 1998) (dismissing contract claim against USPS for failure to exhaust administrative remedies).

Because the United States has not waived sovereign immunity with respect to Ms. Anwar's claim, this court does not have subject matter jurisdiction over her claim, and it therefore must be dismissed. *See Anderson*, 761 F.2d at 528. Accordingly, the court GRANTS USPS's motion to dismiss Ms. Anwar's complaint.

**C.    Leave to Amend**

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see* Fed. R. Civ. P. 15(a). Dismissal without leave to amend is proper, however, if any amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 ("[D]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991))).

Here, it is clear that Ms. Anwar's complaint cannot be saved by any amendment. As discussed above, Ms. Anwar's claim against USPS to recover damages for its failure

to remit a signed return receipt is barred by sovereign immunity.  *See* 28 U.S.C. § 2680(b); *see Anderson*, 761 F.2d at 528.  Therefore, the court dismisses Ms. Anwar action without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Ms. Anwar's motion to remand (Dkt. # 9), GRANTS USPS's motion to dismiss (Dkt. # 6), and DISMISSES Ms. Anwar's complaint without leave to amend and without prejudice.

Dated this 14th day of October, 2022.

JAMES L. ROBART
United States District Judge